# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>ABILITY OPTO-ELECTRONICS TECHNOLOGY CO. LTD., LTD.; NEWMAX TECHNOLOGY CO., LTD.; AND HP INC.<br><br>    Defendants. | CASE NO.: 4:19-CV-00696-ALM |

**SUBPOENA *DUCES TECUM* TO APPLE INC.**

TO:   APPLE INC., 1 Apple Park Way, Cupertino, CA 95014-0642

Please take notice that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Apple Inc. ("Apple") is hereby ordered to produce, on March 2, 2020, at 9:00 a.m., all documents in its possession, custody, or control that fall within the scope of the "Documents to Produce" contained in Exhibit A.  Such production will be for the purpose of inspection and copying.

Dated: February 17, 2020          MAYNARD COOPER & GALE, L.L.P.

                                            By */s/ Sasha Rao*
                                               Sasha G. Rao (SBN 244303)
                                               srao@maynardcooper.com
                                               Brandon Stroy (SBN 289090)
                                               bstroy@maynardcooper.com
                                               MAYNARD COOPER & GALE, L.L.P.
                                               Transamerica Pyramid Center
                                               600 Montgomery St., Suite 2600
                                               San Francisco, CA   94111
                                               Telephone:  415.646.4703
                                               Facsimile:  205.714.6415

# EXHIBIT A

Apple is required to produce and permit inspection and copying of documents and things in its possession, custody, or control that relate to the following categories of requests according to the following definitions and instructions.

## Definitions

The following definitions apply to this Notice:

1. The terms "Apple," "You," and/or "Your" refer to Apple Inc., as well as any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest in Apple Inc.

2. The term "Apple Products" refers to all computers, laptops, and mobile devices incorporating a camera module used, offered for sale or sold by Apple.

3. "Optical lens systems containing 3, 4, or 5 lenses" means optical lens systems for use in cameras or camera modules of mobile phones, mobile devices or laptops containing: three lens elements; or four lens elements; or five lens elements.

4. The term "technical specifications" means documents that describe any physical, mechanical or optical attributes of optical lens systems and the component lenses that make up the systems, such as, focal length(s), aperture(s), refractive index(ces), lens shape(s), lens arrangement, and/or curvature characteristics, lens orientation in the optical lens system and lens orientation relative to the other component lenses.

5. The term "Genius Lawsuit" refers to the case styled *Largan Precision Co., Ltd. v. Genius Elec. Optical Co., Ltd.*, Case No. 3:13-cv-02502-JD, filed in the United States District for the Northern District of California.

6. The term "Genius" refers to Genius Electronic Optical, Ltd., the named defendant in the Genius Lawsuit, including any of its past and present affiliates, operating divisions, parent

2

       corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest to Genius.

7. The terms "Largan" or "Plaintiff" refers to Largan Precision Co., Ltd., including any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest to Largan.

8. The terms "HP" or "Defendant" refers to HP Inc., including any of its past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all predecessors in interest to HP.

9. The term "communication" means the transmittal of information of any kind (including, without limitation, facts, ideas, inquiries, or opinions) by any means, and includes, without limitation, any transfer or exchange between two or more persons or entities of any information whether by document or oral means, including but not limited to, personal conversation, correspondence, telephone calls, electronic mail, and telegrams. This definition also includes all communications for which you claim privilege.

10. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall have the broadest meaning possible under the Federal Rules of Civil Procedure.

11. The term "thing" refers to any tangible object or information embodied in a tangible object other than a document and includes objects of every kind and nature including, but not limited to, devices, computer data, computer programs prototypes, models, and specimens.

12. As used herein, any references to a particular entity (such as a corporation) include that entity and all its divisions, departments, domestic and foreign subsidiaries, branches,

3

parents, affiliates, domestic and foreign subsidiaries of parents, affiliates, partners, predecessors-in-interest, successors-in-interest, present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, entities acting in joint-venture or partnership relationship with that particular entity.

13. The terms "and," "and/or," and "or" shall be construed to mean "and" or "or" in such a manner as to encompass the broadest possible scope of requested documents, things, or information, and not so as to permit the option of providing some requested documents, things, or information instead of others.

14. The term "any" shall be construed to mean any and all requested documents, things, or information inclusively, and not so as to permit the option of providing some requested documents, things, or information instead of others.

15. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

16. The terms "relating to," "reflecting," "referring to," "concerning," or "evidencing" unless otherwise indicated mean including, evidencing, concerning, summarizing, demonstrating, constituting, relating to, reflecting to, reflecting, referring to, containing, studying, analyzing, considering, explaining, mentioning, showing, discussing, describing, commenting upon, resulting from, prepared for or used in connection with.

17. The term "Identify," when used with reference to a product, system, or method means to specify a part number, trade name, catalog number, version number, and any other designation used to refer to the product, system, or method.

## Instructions

1. You are requested to produce all documents and things in the following categories that are in your possession, custody, or control, in their entirety and without redaction or expurgation. "Possession, custody or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45.

2. If any document is withheld based upon a claim of privilege or other protection, provide for each such document: (i) the date of the document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of document, (vi) a description of the document (vii) an identification of the privilege or protection claimed and (viii) a brief explanation of the basis of your claim of privilege or other protection; and (ix) all of other facts or information You are relying on to assert a claim of privilege or other protection.

3. Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated Outside Attorney's Eyes Only until the entry of a Protective Order by the Court in this lawsuit. Apple can re-designate the confidentiality of documents produced under this subpoena after the entry of a Protective Order.

4. HP requests that all electronically stored information be produced as single page, searchable .tiff images with load files that denote document breaks. To the extent that you are unable or unwilling to produce electronically stored information in the requested format, HP requests that electronically stored information be produced in its native format.

5. If you know of the existence, past or present, of any document(s) described or requested below, but are unable to produce such document(s) because it is not presently within your

      possession, custody, or control, please identify the document(s) and the person who has possession of such document(s).

6. If any document called for by the Document Requests has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether or not any copies of the document presently exist and, if so, the name of the custodian for each copy.

## Documents to Produce

1. Documents sufficient to show any sale or offer to sell optical lens systems containing 3, 4, or 5 lenses by Largan or Genius to Apple between October 1, 2005 and December 31, 2013.

2. Documents sufficient to identify the part numbers, units, price, and technical specifications of any optical lens systems containing 3, 4, or 5 lenses sold or offered for sale by Largan or Genius to Apple between October 1, 2005 and December 13, 2013.

3. Documents sufficient to demonstrate public use of optical lens systems containing 3, 4, or 5 lenses made by Largan or Genius between October 1, 2005 and December 31, 2013.

4. Documents sufficient to identify the part numbers, units, price and technical specifications of any optical lens systems containing 3, 4, or 5 lenses provided by Largan or Genuis for use in Apple products between October 1, 2005 and December 31, 2013.

5. Any technical specifications describing optical lens systems containing 3, 4, or 5 lenses provided to Apple by either Largan or Genius between October 1, 2005 and December 31, 2013.

6. Documents sufficient to show the results of any qualification or other testing performed by Apple on any optical lens systems containing 3, 4, or 5 lenses made by either Largan or Genius between October 1, 2005 and December 31, 2013. These include documents that describe any physical, mechanical or optical attributes of these optical lens systems and the component lenses that make up the systems, such as, focal length(s), aperture(s), refractive index(ces), lens shape(s), lens arrangement, and/or curvature characteristics, lens orientation in the optical lens system and lens orientation relative to the other component lenses.

7. Any photographs, x-ray, or microscope images taken between October 1, 2005 and December 31, 2013 showing the shape, spacing, or orientation of lenses used in any optical lens systems containing 3, 4, or 5 lenses made by either Largan or Genius.

8. Any prior art from the Genius Lawsuit describing optical lens systems containing 3, 4 or 5 lens systems.