# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| LARGAN PRECISION CO., LTD.,<br><br>             **Plaintiff,**<br><br>v.<br><br> **ABILITY OPTO-ELECTRONICS TECHNOLOGY CO. LTD.; NEWMAX TECHNOLOGY CO. LTD.; AND HP INC.,**<br><br>           **Defendants.** | **Case No. 4:19-cv-00696-ALM** |

**DEFENDANT NEWMAX TECHNOLOGY CO. LTD'S JOINDER
MOTION TO DEFENDANT HP INC.'S MOTION TO
<u>TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ............................................................................................. 1

II.    ANALYSIS ....................................................................................................... 1

III.   CONCLUSION ................................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*In re Genentech*,
566 F.3d 1338 (Fed. Cir. 2009)..................................................................................1, 4, 5

*In re Google Inc.*,
2017 WL 977038 * (Fed. Cir. Feb. 23, 2017)………..………………………………….….5

*In re Hoffman-La Roche Inc.*,
587 F.3d 1333 (Fed. Cir. 2009)…………………………………………..……...…..…7

*In re Link_A_Media Devices Corp.*,
662 F.3d 1221 (Fed. Cir. 2011)…………………………………………….……..……1

*In re Nintendo Co.*,
589 F.3d 1194 (Fed. Cir. 2009)………………………...……………………………6, 7

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
2010 2010 U.S. Dist. LEXIS 104616 * (E.D. Tex. Sept. 30, 2010) ..........................................3, 4

*Phil-Insul Corp. v. Reward Wall Sys.*, Inc.,
2012 U.S. Dist. LEXIS 114493 * (E.D. Tex. Feb. 10, 2012)………………….…………5

*Regents of the Univ. of Cal. v. Eli Lilly Co.*,
119 F.3d 1559 (Fed. Cir. 1997) )..………..…………………….………...…….…………7

*Software Rights Archive, LLC, v. Google, Inc.*,
No. 2:07-cv-511-CE, 2010 WL 2950351* (E. D. Tex. July 22, 2010)…………...…….…….…3

*In re Toyota Motor Corp.*,
747 F.3d 1338 (Fed. Cir. 2014)..………………...……………………………….…..4

*TransUnion Intelligence LLC v. Search Am., Inc.*,
2011 WL 1327038* (E.D. Tex. Apr. 5, 2011)……………………………………….……5

*In re TS Tech US Corp.*,
551 F.3d 1315 (Fed. Cir. 2008)……..…………….…..…………….……………….……6

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
Civil No. 6:09-cv-448-JDL, 2010 WL 2771842 * (E.D. Tex. Jul. 13, 2010)……..…….….…..7

*In re Volkswagen AG ("Volkswagen I")*,
371 F.3d 201 (5th Cir. 2004)………………………...…………………………………2, 6

*In re Volkswagen of Am., Inc. ("Volkswagen II")*,
545 F.3d 304 (5th Cir.2008)...............................................................................1, 2, 5, 6

*In re Volkswagen of America, Inc. ("Volkswagen III")*,
566 F.3d 1349 (Fed. Cir. 2009)...………………….……………….……..………..…7

*Wireless Recognition Techs. LLC v. A9.com, Inc.*,
No. 2:10-cv-364-JRG, 2012 WL 506669 *(E.D. Tex. Feb. 15, 2012)……..……..…………..…..3

**Statutes**

28 U.S.C. § 1404 (a)………………………………………….………………………..1, 2, 6, 7

Defendant Newmax Technology Co., Ltd. ("Newmax") joins in the motion to transfer filed by co-defendant HP Inc. ("HP") on March 1, 2020 ("HP Motion").

## I.      INTRODUCTION

The reasons set forth by HP in its motion to transfer apply equally to Newmax, and accordingly, Newmax joins in HP's motion to transfer.  Indeed, as set forth below, the Northern District of California will clearly be more convenient for all of the parties in this case for at least the following reasons: (1) the action could have been brought in the Northern District of California; (2) an earlier action involving Largan, the subject technology, and one of the patents-in-suit was litigated for three years in the Northern District of California; and significantly, (3) California is the location of the majority of the witnesses and documents relevant to the allegedly infringing HP computer products.  Given these facts and others stated herein, the Northern District of California is clearly the more convenient forum and this case should be transferred there pursuant to 28 U.S.C. § 1404(a).

## II.     ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The law of the regional circuit in which the case was originally brought governs the review of motions to transfer. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222-23 (Fed. Cir. 2011); *In re Genentech*, 566 F.3d 1338, 1341-42 (Fed. Cir. 2009).  A motion to transfer venue should be granted if the movant shows that the transferee venue "is clearly more convenient" than the plaintiff's chosen venue.  *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008) (en banc). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing

their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *Id.* at 313.

      <u>Threshold Requirement</u>.  As a threshold matter, the movant must first establish that the case could have been brought in the proposed transferee district.  *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).  Here, the accused products are certain HP computers allegedly incorporating infringing lens components made by Newmax, and Largan's basis for filing suit against Newmax in this District is that sales of the accused HP computers occurred in Texas.  (*See, e.g.*, Complaint, Dkt. #1, ¶¶ 30, 38-40.)  As sales of the accused HP computers also occurred in the Northern District of California, Largan could have filed suit against Newmax in that District as well.[1]  *See* HP Motion at 8.

      Once the threshold requirement is met, the court evaluates a series of private and public interest factors to determine whether transfer is appropriate.  *Volkswagen II*, 545 F.3d at 315.  These factors are neither exhaustive nor exclusive, and no single factor is dispositive.  *Id.*

      <u>Private Factors</u>.  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to ensure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive."  *Volkswagen II*, 545 F.3d at 315.  These factors weigh in favor of transfer:

      ➢   *Relative Ease Of Access To Sources Of Proof*.  Newmax only has facilities in Taiwan and China and its knowledgeable employees and relevant documents are located there. (Dkt 39-1, ¶ 2).  The Northern District of California is closer to Newmax's facilities than this

---

[1] Subject to the establishment of personal jurisdiction, Newmax as a foreign corporation may be sued in any judicial district.  28 USC §1391(c)(3).

District and travel to the Northern District is facilitated by direct flights from Taiwan while no direct flights exist to this District (*Id.* at ¶ 16; Hoffman Decl. ¶¶ 2-5). *See On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, 2010 U.S. Dist. LEXIS 104616 at *21 (E.D. Tex. Sept. 30, 2010) ("the existence or nonexistence of direct flights can impact the analysis of travel time"). Moreover, as HP products are at the core of the infringement allegations, the majority of the evidence pertaining to these HP products will come from HP, whose relevant documents and knowledgeable employees are located either at its headquarters in Palo Alto, California or somewhere else outside of this District. (HP Motion at 8-10.)   Accordingly, this factor weights in favor of transfer. *See On Semiconductor Corp.*, 2010 U.S. Dist. LEXIS 104616, at *12 ("relative ease of access to sources of proof" factor "turn[s] upon which party ... will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues"); *Software Rights Archive, LLC, v. Google, Inc.*, No. 2:07-cv-511-CE, 2010 WL 2950351, at *2 (E. D. Tex. July 22, 2010) ("ease of accessing the defendants' sources of proof weighs more heavily than the ease of plaintiff's proof"); *Wireless Recognition Techs. LLC v. A9.com, Inc.*, No. 2:10-cv-364-JRG, 2012 WL 506669, at *3 (E.D. Tex. Feb. 15, 2012) (explaining that "an alleged infringer's proof is particularly important to venue transfer analyses in patent infringement cases").

> ➤ *Availability Of Compulsory Process To Ensure The Attendance Of Witnesses*.  As HP stated in its motion, at least two categories of non-party witnesses located in the Northern District of California are relevant to the subject analysis -- former HP employees with relevant knowledge of the accused HP products and employees of Apple and/or Genius likely to have information relevant to invalidity defenses. (S*ee* HP Motion at 10-12.)   As only the Northern District of California would have the ability to compel these witnesses to appear at a trial (*see* Fed.

R. Civ. P. 45(a)(2), 45(c)(1)), this factor weighs in favor of transfer.[2]  *Genentech*, 566 F.3d at 1345

(Fed. Cir. 2009) ("fact that the transferee venue is a venue with usable subpoena power here weighs

in favor of transfer, and not only slightly").

       ➢    *Cost Of Attendance For Willing Witnesses*. As Newmax only has facilities in

Taiwan and China, Newmax personnel would need to travel over 7700 miles from its headquarters

in Taiwan to the federal district courts in this District.  (Dkt 39-1, ¶¶ 2, 16.)  Travel time for these

Newmax witnesses ranges from 18 to 26 hours at a cost ranging from USD $3900 up to USD

$6500 for business class and is impacted by the fact that there are no direct flights nor one-stop

flights between Newmax's headquarters in Taiwan and Sherman Texas.  (*Id.* ¶ 16; Hoffman Decl.

¶ 5.)  There are also no direct flights nor one-stop flights between Taipei, Taiwan and Sherman,

Texas. (Hoffman Decl. ¶ 4.) However, the Northern District of California is closer to Newmax's

headquarters in Taiwan and travel to the Northern District is facilitated by the availability of

multiple direct flights from Taipei, Taiwan to San Francisco, California. Hoffman Decl. ¶¶ 2-3;

*see On Semiconductor Corp.*, 2010 U.S. Dist. LEXIS 104616 at *21 ("the existence or

nonexistence of direct flights can impact the analysis of travel time").  Furthermore, HP witnesses

are relevant to the analysis of this factor and, as explained by HP in its motion, at least three

categories of witnesses are likely located in the Northern District of California:  HP witnesses and

former HP employees with knowledge regarding the accused HP computers (including sales,

marketing, and financial performance of the accused HP computers) and Apple and/or Genius

employees with knowledge relevant to invalidity positions (*see* HP Motion at 10-12).  Newmax

---

[2] Newmax is not aware of any potential non-party witnesses who reside in this District.  That some non-party witnesses with relevant knowledge may work outside the Northern District of California (e.g., camera-module manufacturers in Asia) does not alter the analysis of the subject private factor.  *See In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).

knows of no likely Newmax, Largan, HP or non-party witness within this District or within 100 miles of this Court.[3]  This factor "heavily favors transfer when a substantial number of material witnesses reside in the transferee venue and no witnesses reside in the transferor venue." *Phil-Insul Corp. v. Reward Wall Sys.*, Inc., 2012 WL 12836668, at *2 (E.D. Tex. Feb. 10, 2012) (internal quotations omitted); *see also In re Google Inc.*, 2017 WL 977038, *3 (Fed. Cir. Feb. 23, 2017) (quoting *Genentech*, 566 F.3d at 1343) ("The convenience of the witnesses is probably the single most important factor in a transfer analysis.").

> ➢     *Practical Problems That Make Trial Of A Case Easy, Expeditions And Inexpensive*.

No practical problems exist with transferring this action to the Northern District of California.  The case is in the very early stage of litigation – the parties have not exchanged initial disclosures; discovery has not started; and no infringement or invalidity contentions have been exchanged.  *See* HP Motion at 12.  Accordingly, this factor is neutral if not favoring transfer.  *See, e.g., TransUnion Intelligence LLC v. Search Am., Inc.*, 2011 WL 1327038, at *5 (E.D. Tex. Apr. 5, 2011) (concluding that this factor is neutral given that only limited discovery occurred).

Public Factors.  The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interest decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.  Together, these factors weigh in favor of transfer:

---

[3]  Although both Newmax and Largan may have witnesses located outside of the country, the locations of those witnesses should not weigh against transfer.  *Genentech*, 566 F.3d at 1344 (explaining "[w]hen a particular witness will be required to travel 'a significant distance no matter where they testify,'" then that witness is discounted for the transfer analysis).

> ➤ *Administrative Difficulties Flowing From Court Congestion*.  As explained by HP in its motion, this factor is neutral as the court congestion is relatively equal between this District and the Northern District of California.  *See* HP Motion at 15.

> ➤ *Local Interest In Having Localized Interest Decided At Home*.  Newmax is a Taiwan-based company that lacks any connection with either this District or the Northern District except that sales of the accused HP products allegedly incorporating Newmax lenses are sold in both districts.  Notwithstanding Newmax's lack of direct connection to either district, this action still has a far greater factual connection to the Northern District of California than to this District as HP developed the accused HP products at its headquarters in the Northern District of California. (HP Motion at 2, 8)  Further, Taiwan-based Largan does not claim any ties to this District.  In fact, if Largan has a connection to a specific jurisdiction within the United States, that connection is to the Northern District of California as Largan filed (and pursued for three years) a patent infringement case against Genius there.  (HP Motion at 1, 4).  Accordingly, this factor favors transfer. [4]

> ➤ *Familiarity Of The Forum With The Law That Will Govern The Case*.  Judicial economy favors transfer as the Northern District of California is already familiar with Largan, the technology at issue, and one of the patents-in-suit from the three-year patent infringement suit filed by Largan against third party Genius in the North District.  *See* HP Motion at 1-2, 4-5, 13. Moreover, should this Court grants HP's motion to transfer, the Court should also grant Newmax's motion as the same HP products are at the core of the infringement allegations against both HP

---

[4] "Fifth Circuit precedent clearly forbids treating plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *In re TS Tech US Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citing *Volkswagen*, 545 F.3d at 314 n.10); *see also Nintendo*, 589 F.3d at 1200 (same).  Further, the Fifth Circuit instructs, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206.  As the accused products are developed in the Northern District of California, the jury duty burden should be borne by those in that District.  .

6

and Newmax.  Leaving Newmax in this District wastes judicial resources as doing so would require both Districts to litigate the infringement allegations for the same accused products.  Moreover, as neither Largan nor Newmax are U.S. companies, the location of their litigation should be in the district most convenient for HP as the only U.S. company involved in the litigation – the Northern District of California.

> *Avoidance Of Unnecessary Problems Of Conflict Of Laws [Or In] The Application Of Foreign Law*.  This factor is neutral as patent cases are governed by Federal Circuit law.

The proposed transferee venue is "clearly more convenient" where, as here, most of the potential witnesses and relevant evidence are located in the transferee venue.  *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-1337 (Fed. Cir. 2009).  Further, with regards to public interest factors, courts in the Eastern District of Texas "have consistently recognized the pronounced significance of judicial economy in the § 1404(a) analysis in patent cases." *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, Civil No. 6:09-cv-448-JDL, 2010 WL 2771842 *6 (E.D. Tex. Jul. 13, 2010) (citing collection of cases).  Indeed, "in a case such as this in which several highly technical factual issues are presented…, the interest of judicial economy may favor transfer to a court that has become familiar with the issues" as the Northern District of California has here given the three-year Genius patent infringement case involving Largan, the technology at issue, and one of the patents-in-suit. *Regents of the Univ. of Cal. v. Eli Lilly Co*., 119 F.3d 1559, 1565 (Fed. Cir. 1997); *see also In re Volkswagen of America, Inc. (Volkswagen III)*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.").

## III.     CONCLUSION

For at least the foregoing reasons, as further detailed in the HP Motion, Newmax respectfully requests that this Court transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Dated: March 2, 2020                          Respectfully submitted,

                                              FISH & RICHARDSON P.C.

                                              By:  */s/ David M. Hoffman*_____
                                                   David M. Hoffman
                                                   Texas Bar No. 24046084
                                                   hoffman@fr.com
                                                   111 Congress Avenue, Suite 810
                                                   Austin, TX 78701
                                                   Tel: (512) 472-5070
                                                   Fax: (512) 320-8935

                                              LAW OFFICES OF S.J. CHRISTINE YANG

                                              Christine Yang (to be admitted *pro hac vice*)
                                              chrisyang@sjclawpc.com
                                              17220 Newhope Street, Suite 101
                                              Fountain Valley, CA 92708
                                              Tel: (714) 641-4022
                                              Fax: (714) 641-2082

                                              COUNSEL FOR DEFENDANT,
                                              NEWMAX TECHNOLOGY CO. LTD.

8

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, pursuant to Local Rule CV-7(h), counsel for NewMax met and conferred with counsel for Largan on February 28, 2020, who indicated that Largan is opposed to the relief sought by this Motion.

*/s/ David. M. Hoffman*
David M. Hoffman

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on  a true and correct copy of the foregoing document was served on March 2, 2020 on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ David. M. Hoffman*
David M. Hoffman
