# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LARGAN PRECISION CO., LTD., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:19-cv-696 |
| v. | § | Judge Mazzant |
| | § | |
| ABILITY OPTO-ELECTRONICS TECHNOLOGY CO., LTD.; NEWMAX TECHNOLOGY CO., LTD.; AND HP INC. | § § § § | |
| | § | |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Largan's Motion to Compel HP to Produce Documents (Dkt. #114). After consideration, the Court is of the opinion that the motion should be **GRANTED in part.**

### BACKGROUND

This case arises from Plaintiff Largan Precision Co., Ltd.'s ("Largan") claim that Defendants Ability Opto-Electronics Technology Co. ("AOET"), Newmax Technology Co. ("Newmax") and HP Inc. ("HP") collectively produce and/or sell products that incorporate technologies that infringe four patents-in-suit: U.S. Patent Nos. 7,274,518 ("the '518 Patent"); 8,395,691 ("the '691 Patent"); 8,988,796 ("the '796 Patent"); and 9,146,378 ("the '378 Patent").

On July 1, 2020, Largan filed the present motion to compel (Dkt. #114). On July 15, 2020, HP filed a response (Dkt. #120).

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P.

26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'" (Dkt. #80 at p. 5). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An

objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law. FED. R. CIV. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. FED. R. CIV. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. FED. R. CIV. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

Largan moves the Court to compel HP to produce "all outstanding documents relevant to the claims or defenses of any party within two weeks" (Dkt. #114). Largan complains that HP has delayed document production and has declined to produce relevant documents, including those from Mr. Baca's file and/or from witnesses identified by Mr. Baca. HP responds, arguing essentially that it should not be ordered to produce the requested documents because Largan's

request is overinclusive. Specifically, HP argues that Largan's discovery requests seek irrelevant technical information (Dkt. #120 at p. 10) and are not sufficiently specific because they do not include a list of SKUs and serial numbers for the HP laptops purchased and tested (Dkt. #120 at p. 12).

Even if, as HP contends, Largan requests document production as to more products than those that incorporate the allegedly infringing lenses, that does not appear to be information Largan can ascertain without discovery. It is the very discovery that Largan seeks that will aid it in figuring out which HP laptops contain infringing lenses, if any. Such a request is proportional to the needs of the case. Thus, to the extent HP possesses documents that are relevant to Largan's ability to determine which HP laptop models contain the allegedly infringing lenses, if any, HP must produce them.

HP's argument that Largan has not produced SKUs and camera module numbers fails. At this stage, Largan is not required to specify the SKU or model number for each and every model number that may potentially incorporate lenses that infringe the patents in suit. It is entitled to reasonable *discovery that will aid it in that determination*. And even to the extent that Largan has its own discovery obligation to provide certain SKUs and/or model numbers to HP, its failure to do so does not bear on HP's obligation to provide full discovery to Largan. As the Court's Discovery Order makes clear, "[a] party is not excused from [its discovery obligations] because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures" (Dkt. #76 at p. 9).

That said, the Court will not require HP to complete *all* document production within the next two weeks—that would overly burden HP. Rather, the Court will compel production only of

4

the documents and information possessed by Mr. Baca and the documents and information possessed by the ten to twelve witnesses who Mr. Baca identified as having relevant knowledge about the issues in this case. HP shall make such production within two weeks from the date of this order.

## CONCLUSION

For the foregoing reasons, Largan's Motion to Compel HP to Produce Documents (Dkt. #114) is **GRANTED in part**.

**IT IS SO ORDERED.**
**SIGNED this 22nd day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE